**EASTERN QUEENS ALLIANCE, INC., Petitioner,**

v.

**FEDERAL AVIATION ADMINISTRA-TION, Michael Huerta, Administrator, Federal Aviation Administration, Respondents,**

**The Port Authority of New York and New Jersey, Intervenor.**

No. 14–1612–ag.

United States Court of Appeals, Second Circuit.

Dec. 23, 2014.

Clyde Vanel, Vanel Law Firm, P.C., Cambria Heights, NY, for Petitioner.

Mark R. Haag (Sam Hirsch, Acting Assistant Attorney General, Mary Gabrielle Sprague, on the brief), United States Department of Justice, Washington, D.C. Lisa A. Holden, Office of the Chief Counsel, Federal Aviation Administration, Washington, D.C., for Respondents.

Megan Lee, Carlene McIntyre, Arnold Kolikoff, The Port Authority of New York and New Jersey, New York, NY, for Intervenor.

PRESENT: RALPH K. WINTER, BARRINGTON D. PARKER, RAYMOND J. LOHIER, JR., Circuit Judges.

## SUMMARY ORDER

This petition for review arises from runway modifications at John F. Kennedy International Airport that the Port Authority of New York and New Jersey is implementing to comply with congressionally mandated runway safety area requirements (the "Project"). Eastern Queens Alliance ("EQA") seeks review of the FAA's March 10, 2014 decision to approve the Port Authority's environmental assessment ("EA") of the Project, issue a Finding of No Significant Impact ("FONSI") and Record of Decision, and accordingly decline to prepare an environmental impact statement ("EIS"). We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to deny the petition.

Under the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.*, federal agencies must prepare an EIS for "major Federal actions significantly affecting the quality of the human environment." 42 U.S.C. § 4332(2)(C). "[I]f the agency is uncertain whether the impacts rise to the level of a major federal action requiring an EIS, the agency must prepare an [EA]." *Nat'l Audubon Soc'y v. Hoffman,* 132 F.3d 7, 12 (2d Cir.1997) (citing 40 C.F.R. §§ 1501.3, 1501.4, 1508.9). An EA "[b]riefly provide[s] sufficient evidence and analysis for determining whether to prepare an

[EIS] or a finding of no significant impact." 40 C.F.R. § 1508.9(a)(1). Where, as here, the agency concludes on the basis of the EA not to prepare an EIS, the agency issues a FONSI. 40 C.F.R. §§ 1501.4(e), 1508.9(a)(1). In reviewing an agency's decision not to prepare an EIS, we consider: (1) "whether the agency took a 'hard look' at the possible effects of the proposed action," and (2) "if the agency has taken a 'hard look,' ... whether the agency's decision was arbitrary or capricious." *Nat'l Audubon Soc'y*, 132 F.3d at 14; *see also* 5 U.S.C. § 706(2)(A).

EQA argues that a number of alleged omissions and flawed analyses in the EA demonstrate that the FAA failed to take the required "hard look" at the possible effects of the Project and that its decision not to prepare an EIS was arbitrary and capricious. We understand the concerns expressed by members of certain communities near the airport. Each of EQA's objections, however, was either forfeited because it was not brought to the agency's attention during the public comment period, *Dep't of Transp. v. Pub. Citizen*, 541 U.S. 752, 764–65, 124 S.Ct. 2204, 159 L.Ed.2d 60 (2004), or is unfounded based on our review of the record.

We have considered EQA's remaining arguments and conclude that they are without merit. For the foregoing reasons, the petition for review is DENIED.